In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3792

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MAREK S. RADOMSKI,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 CR 22 2—**Joan B. Gottschall**, *Judge.*

———————

ARGUED DECEMBER 13, 2006—DECIDED JANUARY 9, 2007

———————

Before POSNER, MANION, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.* Marek Radomski was convicted by a jury of conspiring to sell the illegal drug Ecstasy, and the judge sentenced him to 78 months in prison. He argues that there was insufficient evidence to convict him. The government emphasizes that the jury was correctly instructed and that (of course) its verdict was unanimous—and comes close to suggesting that the guilty verdict of a correctly instructed jury is sacrosanct.

The defendant's coconspirator, Zawistowski, was in all likelihood an Ecstasy dealer, and unlike Radomski he

pleaded guilty (and received a slightly longer sentence than Radomski—80 months). But there is no evidence that the defendant agreed with Zawistowski to sell Ecstasy. Now if Radomski didn't agree with Zawistowski to sell Ecstasy, neither did Zawistowski agree with Radomski to sell Ecstasy. But Zawistowski's case is not before us. Anyway he pleaded guilty, and his presentence investigation report suggests that there may have been another conspirator, though there is no hint of that in the record of the present case.

An FBI informant named Zujko approached Zawistowski—from whom the informant had previously bought a stolen car—and believing, probably correctly as we said, that Zawistowski was a dealer in Ecstasy, told him he wanted to buy some of the drug from him. Zawistowski agreed to sell Zujko 1,000 Ecstasy pills for $8,000 and promised that a friend, the supplier from whom he would get the pills, would "seal [the package containing the pills] hermetically" so that "dogs can't sniff it."

Zawistowski and Zujko met in a restaurant to consummate the deal. There Zawistowski made a cellphone call to his friend (who was in fact Radomski), and Zujko heard Zawistowski ask the friend whether he had "packed it nicely"—presumably a reference to the dog-proof packaging that Zawistowski had promised. Zawistowski and Zujko repaired to the latter's car, where Zujko handed him $8,000. Zawistowski said that his friend's vehicle was in a nearby parking lot and that he would get the Ecstasy from the vehicle and be back with it in a few minutes. Zawistowski walked to the parking lot with the money and into a truck driven by Radomski, and off they went. Officers who had staked out the restaurant, waiting for the sale of the Ecstasy to take place,

recorded the license number of the truck, traced it to Radomski, and arrested both him and Zawistowski in Radomski's apartment the next day. They searched the men, the apartment, and the truck and found some of the marked money that the informant had given Zawistowski but no Ecstasy, drug paraphernalia, proceeds from other sales, sales records, or other evidence of drug dealing.

There is no doubt that Radomski conspired with Zawistowski, but conspired to do what? To sell Ecstasy to the informant? If so, Radomski is guilty of the crime that he was charged with even if the pair later changed their minds and decided to defraud the informant instead. E.g., *United States v. Howard*, 179 F.3d 539, 542 (7th Cir. 1999). But on the basis of the evidence presented to the jury, that is no more likely than that they conspired from the get-go to defraud him. Although a conspiracy to sell a counterfeit drug is a federal crime, 21 U.S.C. §§ 841(a)(2), 846, a conspiracy to pretend to be offering to sell an illegal drug is not.

Yet since cellphone to cellphone conversations involve communications over wires at some point in the transmission, *In re Application of United States for Order Authorizing Roving Interception of Oral Communications*, 349 F.3d 1132, 1138 n. 12 (9th Cir. 2003); *Shubert v. Metrophone, Inc.*, 898 F.2d 401, 402 n. 5 (3d Cir. 1990), the conspiracy that Radomski unquestionably joined could have been charged as a scheme to defraud in violation of the wire-fraud statute, 18 U.S.C. § 1343, as in *United States v. Dazey*, 403 F.3d 1147, 1163 (10th Cir. 2005). But it was not so charged. Given the feebleness of the prosecution's case that Radomski had conspired to sell drugs, the government's decision not to charge him in the alternative with wire fraud, and thus give the jury a choice, is

inexplicable. The government's reckless gamble succeeded in the district court, but fails in this court.

The government latches on to the informant's testimony that he heard Zawistowski ask Radomski whether he had "packed it [the Ecstasy] nicely," and argues that this is evidence that Radomski had the Ecstasy with him in his truck. But had that been true, traces probably would have been found there. And since the pair obviously did not intend, when Zawistowski met the informant in the restaurant, to deliver any Ecstasy to him, why would Radomski have nicely packed (or for that matter badly packed) a quantity of Ecstasy? It is far more likely that Zawistowski said what he did to Radomski in the informant's presence in order to reassure the informant that the deal would go through. Zawistowski of course did not know that Zujko was an informant, so he had to allay any concerns that a genuine prospective buyer of Ecstasy would have that the seller would take his money and decamp. Also, Zawistowski had to fear that unless he appeared to have an accomplice, Zujko might try some rough stuff: when they left the restaurant to get the money from Zujko's car, Zujko (had he not been an informant) might have pulled a gun on Zawistowski, intending to steal the Ecstasy. He would be less likely to do that if he thought that Zawistowski had an accomplice lurking nearby.

The government asks: if it was a rip off, why didn't Zawistowski pretend to sell Zujko a stolen used car, for which he might have charged more than $8,000 in which event Zawistowski and Radomski would make more money than they did by pretending to sell him Ecstasy? But the fact that Zujko had bought one stolen car from Zawistowski didn't mean he wanted another one; and it was Ecstasy that he was asking Zawistowski for, not a car.

We acknowledge the legitimacy of the government's concern lest facile invocations of a "rip-off defense" prevent the conviction of drug dealers arrested before a sale is consummated. The dealer can always argue that he never intended to sell drugs to the prospective buyer, but merely to defraud the buyer. But the argument will fall flat if the circumstances indicate that an agreement to sell drugs was made or if the defendant is found to have drugs in sale quantity or there is other evidence that he is a drug dealer. *United States v. Berchiolly*, 67 F.3d 634, 638 (7th Cir. 1995); *United States v. Badger*, 983 F.2d 1443, 1447, 1449 (7th Cir. 1993); *United States v. Mattos*, 74 F.3d 1197, 1200 (11th Cir. 1996). But this case is unusual. Neither Radomski nor Zawistowski was found with drugs or drug paraphernalia or any other evidence that might indicate that they had intended to deliver drugs to Zujko. Moreover, they in fact ripped off Zujko—they absconded with his money, without supplying him with any drugs, and not because their attempt to sell him drugs was disrupted by an arrest or otherwise interrupted.

There was no evidentiary basis for a finding of guilt beyond a reasonable doubt. Zawistowski's guilty plea is not and could not be evidence in Radomski's case, *United States v. Johnson*, 26 F.3d 669, 677 (7th Cir. 1994); *United States v. Jones*, 468 F.3d 704, 709 (10th Cir. 2006); *United States v. Modena*, 302 F.3d 626, 631 (6th Cir. 2002), because to allow a coconspirator's guilty plea in evidence might make the jury think the trial a formality, since if one coconspirator is guilty, so must the others be. There is at least a bare possibility, moreover, that there was a third conspirator, who may have conspired with Zawistowski to sell Ecstasy; but there is no evidence that Radomski was a party to such a conspiracy.

There is no great mystery about why the jury nevertheless voted to convict Radomski. He did conspire with Zawistowski to commit a criminal act, as well as trying to kick one of the policemen who arrested him. (Radomski is a former trainer of the Polish boxer Andrew Golota—the world's most colorful boxer. See http://en.wikipedia.org/wiki/Andrew_Golota.) And his accomplice was in all likelihood a drug dealer. But not having been charged with the crime he actually committed, Radomski is entitled to an acquittal.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*